## STATE *v.* ISAIAH OPHER.

(*November* 23, 1936.)

LAYTON, C. J., HARRINGTON and RICHARDS, J. J., sitting.

*P. Warren Green,* Attorney-General, *Robert H. Richards, Jr.,* and *C. Edward Duffy,* Deputy Attorneys- General, for the State.

*W. Thomas Knowles* for the defendant.

Court of Oyer and Terminer for New Castle County. Indictment for Murder of the First Degree, No. 176, September Term, 1936.

LAYTON, C. J., charged the jury, in part, as follows:

Isaiah Opher, the prisoner at the bar, is charged in the indictment before you with the crime of murder of the first degree of one Isabelle Robinson.

The State contends that in the afternoon of August 10, last, the prisoner induced Isabelle Robinson, a girl of thirteen years of age, to go with him from this city to some place unknown to her to help him carry home something; that pursuant to the inducement the two took a bus and proceeded to a point near Prices Corner in Christiana Hundred in this county, where they got off the bus; that they then went into a nearby wood and while there the prisoner attacked the girl, threw her down on the ground,

took off her shoes to prevent her running away, took off her bloomers, and then and there had or attempted to have unlawful, carnal intercourse with her by force and against her will and consent; that the girl in struggling finally escaped from the embraces of the prisoner and told him that she was going to tell her mother what he had done; whereupon the prisoner said she would tell no one and taking a revolver which he had wrapped in a newspaper, shot her, inflicting in her back a superficial wound; that the girl then attempted to escape and then the prisoner shot her again, the bullet penetrating her back and passing through her lung; and that she died the next morning as a result of the wound thus inflicted upon her.

The prisoner admitted that he had known the girl for about three years. He denied that he was on the bus on the day of the fatal occurrence. He denied also that he went anywhere on that day. He denied further shooting anyone and said that he had nothing with which to shoot. He denied going to Pittsburgh and stated that he had not seen officer Beswick at all anywhere. He denied also that he had even seen Doctors Davies and Tarumianz who testified that they had examined him after he had returned from Pittsburgh.

It is urged on behalf of the prisoner that he was and is mentally incapable to such a degree as to be insane, and that if the jury should believe that he did, in fact, kill the girl, yet he cannot be found guilty of any offense for the reason that he was at the time insane.

These are the respective contentions of the State and of the defense very briefly stated. The details of the evidence are for your own recollection.

*Section* 4697 of the *Revised Code* of this state provides that whoever shall commit the crime of murder with express malice aforethought, or in perpetrating or attempting

to perpetrate any crime punishable with death, shall be deemed guilty of murder of the first degree and shall suffer death.

The indictment before you consists of three counts: The first count charges that the prisoner with express malice aforethought shot and killed Isabelle Robinson. This count, as you will observe, is based upon the first part of the statute. Under this count, as will be explained later, it is incumbent upon the State to prove to you beyond a reasonable doubt that the prisoner killed the deceased with a formed design and purpose—that is, with express malice aforethought.

The second count charges that the prisoner killed Isabelle Robinson in perpetrating the crime of rape upon her.

The third count charges that the prisoner killed the deceased in attempting to perpetrate the crime of rape upon her.

Rape is a crime which is punishable with death under our law; so you will observe that counts two and three are based upon the provisions of the recited statute which are that whoever shall commit the crime of murder in perpetrating or attempting to perpetrate any crime punishable with death, shall be deemed guilty of murder of the first degree. Under the second and third counts it would not be necessary to prove express malice aforethought, for the statute transfers the premeditated intent of the crime of rape to the homicide actually committed so as to make the latter offense a killing with malice aforethought and murder of the first degree. In other words, the turpitude of the criminal act done or attempted supplies the place of deliberate and premeditated malice and is its legal equivalent, and the purpose to kill is conclusively presumed from the

intention which is the essence of the criminal act, to-wit: rape, and such a murder is murder of the first degree.

The Court is of the opinion, however, that the evidence before you does not sustain the allegations set forth in counts two and three in the indictment for the reason that it appears that the rape or attempted rape upon Isabelle Robinson had been consummated before the fatal shot was fired and that the shooting formed no part of the offense of rape or attempt to rape, but was a subsequent act and detached from those crimes, and that the shot was fired not in the perpetration or attempt to perpetrate the crimes or either of them, but for another and distinct purpose, to wit: to close the mouth of the victim and thereby to escape detection and punishment.

It is not enough that the killing occurred soon or presently after the felony was attempted or committed. There must be such a legal relationship between the two that it can be said that the killing occurred by reason and as a part of the felony, to-wit: rape; or that it occurred before the felony was at an end; so that the felony had a legal relationship to the killing and was concurrent with it in part, at least, and a part of it in an actual and material sense. *People v. Sullivan,* 173 *N. Y.* 122, 65 *N. E.* 989, 63 *L. R. A.* 368, 93 *Am. St. Rep.* 582. Tersely put, death must have been the probable consequence of the unlawful act. 13 *R. C. L.* 845; 87 *A. L. R.* 414; *Hoffman v. State,* 88 *Wis.* 166, 59 *N. W.* 588.

Counts two and three of the indictment are not to be considered by you.